# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**GENE FOWLER JR.,**
**Claimant Below, Petitioner**

**FILED**

October 10, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No.  16-1188** (BOR Appeal No. 2051419)
                (Claim No. 2013011188)

**BRAND SERVICES, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Gene Fowler Jr., by George Zivkovich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review

The issue on appeal is authorization for medical treatment. On August 31, 2015, the claims administrator denied a request for retro authorization of lumbar surgery performed by Rammy Gold, M.D., on July 15, 2015. On January 6, 2016, the claims administrator denied retro authorization of an MRI, shots, and post-surgical physical therapy recommended by Dr. Gold. The Office of Judges affirmed both decisions of the claims administrator in its June 28, 2016, Order. The Order was by affirmed by the Board of Review on November 28, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Fowler, a carpenter, was injured on October 24, 2012, while he was flipping crane pads that weighed approximately 150 pounds. On December 6, 2013, the Office of Judges held the claim compensable for a thoracic sprain/strain and a lumbar sprain/strain.[1] A March 27, 2015, lumbar MRI revealed lumbar L3-L4 chronic marked discogenic spondylosis with mild listhesis, moderate facet arthropathy with mild central canal stenosis, and mild left foraminal narrowing with minimal disc bulges at L1-L2 and L2-L3. There were no changes since the

---

[1] The CA decisions regarding compensability were not included in the record.

February 8, 2014, lumbar spine MRI. Mr. Fowler had a series of epidural steroid injections beginning on April 20, 2015, and ending on June 8, 2015.

On June 10, 2015, Mr. Fowler was seen by Melissa R. Comer, PA-C at PARS Neurosurgical Associates Inc. He was diagnosed with low back pain, degeneration of lumbar intervertebral disc, and lumbosacral neuritis and radiculopathy. Ms. Comer noted Dr. Gold had previously recommended a lumbar fusion and Mr. Fowler was ready to proceed with the surgery. On July 15, 2015, Dr. Gold performed a left L3-L4 transforaminal lumbar interbody fusion.

The claims administrator denied Dr. Gold's request for retro-authorization of the lumbar fusion surgery on August 31, 2015. On January 6, 2016, the claims administrator denied Dr. Gold's request for retro-authorization of an MRI, shots, and post-surgical physical therapy.[2]

The Office of Judges affirmed the decisions of the claims administrator on June 28, 2016. It noted the claim was held compensable for lumbar and thoracic sprains/strains. According to West Virginia Code of State Rules §85-20 (2006) , the estimated duration of care for a lumbar and/or thoracic sprain/strain was not to exceed eight weeks. The retro- authorization of the MRI, shots, lumbar surgery and post-surgery physical therapy requests would be inappropriate under West Virginia Code of State Rules §85-20 because they were beyond the estimated timeframe for treatment of a lumbar or thoracic sprain/strain. The OOJ noted the claimant had not established that treatment in excess of West Virginia Code of State Rules §85-20 was reasonable and necessary.

Moreover, the Office of Judges found that a preponderance of the medical evidence showed the denial of the medical treatment should be affirmed as the treatment was not reasonable and necessary for the effects of the compensable injury. The pre-operative diagnosis for the lumbar surgery was intractable lumbar radiculopathy and the discharge diagnosis was lumbar stenosis. Neither of those diagnoses had been held compensable in this claim. The shots were for the non-compensable diagnoses of lumbar radiculitis, lumbar radiculopathy, lumbar spondylosis, and low back pain. The Office of Judges determined the requested treatment was more than likely needed for Mr. Fowler's degenerative disc disease and/or the L3-L4 disc level, both of which pre-existed the claim and neither of which been found compensable.

The Board of Review affirmed the Office of Judges on November 28, 2016. In *Gene Fowler, Jr. V. Brand Services, Inc.* No. 16-0171 (W.Va. Supreme Court, February 3, 2017)(memorandum decision), we affirmed the denial of a request for payment of additional TTD benefits, affirmed the denial of a request to add low back pain, lumbar radiculitis, and stenosis as compensable conditions, and affirmed the denial of authorization for referral to Dr. Gold. In light of that decision, the Board of Review's decision must be affirmed. The requests for retro-authorizations relate to treatment of conditions that have been determined to be non-compensable.

---

[2] A copy of the request made by Dr. Gold was not included in the record. However, it appears that the shots referred to is the series of epidural steroid injections.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  October 10, 2017**

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker